# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 12-808V
Filed: May 6, 2014

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| DEBORAH A. CATRON, | * | |
| | * | |
| Petitioner, | * | Special Master Dorsey |
| | * | |
| v. | * | |
| | * | Dismissal Decision; Order to Show |
| SECRETARY OF HEALTH | * | Cause; Failure to Prosecute; |
| AND HUMAN SERVICES, | * | Insufficient Proof; Influenza (Flu) |
| | * | Vaccine; Transverse Myelitis. |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

John F. McHugh, Law Office of John McHugh, New York, NY, counsel for petitioner.
Lindsay Corliss, U.S. Department of Justice, Washington, DC, counsel for respondent.

## DECISION[1]

On November 26, 2012, Deborah Catron (petitioner) filed a petition pursuant to the National Vaccine Injury Compensation Program[2], alleging that as a result of receiving an influenza (flu) vaccination on September 15, 2009, she suffered from transverse myelitis. Petition ("Pet.") at 1-2. The information in the record, however, does not show entitlement to an award under the Act and therefore, the case is hereby dismissed.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

I.      **Procedural History**

The petition was filed on November 26, 2012, and the case was initially assigned to former Chief Special Master Campbell-Smith.  The case was reassigned to the undersigned on January 14, 2013.

An initial status conference was held on February 5, 2013, during which Mr. McHugh discussed the difficulty he was experiencing in obtaining petitioner's medical records.  Order, dated February 5, 2013.  Mr. McHugh was ordered to request subpoena authorization to obtain records from the relevant medical providers by February 8, 2013, and to file a status report regarding his progress in collecting medical records by April 30, 2013.  Id.  Petitioner neither requested subpoenas nor filed a motion for extension of time by February 8, 2013.

When petitioner still had not filed anything by March 7, 2013, the undersigned issued an order directing petitioner to file a status report by March 11, 2013, listing the providers from whom petitioner still needed to obtain records.  Order, dated March 7, 2013.  The undersigned also re-issued an order that petitioner file a status report regarding medical record collection by April 30, 2014.  Petitioner was reminded to file a motion for enlargement of time pursuant to Vaccine Rule 19(b) in the event that she was unable to meet a deadline, and was advised that "[c]ontinued failures to meet court deadlines may lead to the court issuing an order dismissing the case for failure to prosecute."  Id.

On March 8, 2013, petitioner filed motion to issue a subpoena, which the undersigned granted.  Orders, dated March 21, 2012.  Petitioner did not, however, file a status report by the April 30, 2013 deadline.

Again, when petitioner failed to file anything by May 3, 2013, the undersigned issued an order extending the deadline for petitioner to file a status report to May 28, 2013.  Order, dated May 3, 2013.  Petitioner was again referred to Vaccine Rule 19(b) and was warned that "[c]ontinued failures to adhere to court deadlines may lead to an order to show cause order being issued and may [result in] ultimate dismissal of the petition for failure to prosecute.  Id.

Petitioner finally filed a status report on May 10, 2013, documenting that all of the approved subpoenas had been served.  Petitioner was ordered to file another status report by June 17, 2013, updating the court on the status of medical record collection and review.  Order, dated May 13, 2013.

Petitioner filed a lengthy status report on June 11, 2013, in which Mr. McHugh stated that he had received approximately 6,500 pages of medical records from Carle Foundation Hospital, but that some of records appeared to be missing.  Status Report, dated June 11, 2013, at 1-2.  Mr. McHugh also identified a possible statute of limitations issue which, he concluded, could not be resolved until he had reviewed the missing records.[3]  Id. at 2.  Petitioner requested that the

---

[3] In his June 11, 2013 status report, Mr. McHugh appears to be conceding that "[t]he petition was filed on Monday, November 26, 2012," and that "[o]nset was on the 23rd of

2

undersigned "adjourn this matter until the missing records for the period between the vaccination and onset can be obtained in full and any issue as to timeliness can be either resolved or at least defined." Id.

The undersigned subsequently ordered that a status conference be set. At the status conference, which was held on June 20, 2013, Mr. McHugh stated that he had been in touch with the hospital and had verified that the missing records were forthcoming. Order, dated June 20, 2013. Petitioner was ordered to file the outstanding medical records, as well as a status report, by July 22, 2013. Id. Mr. McHugh stated that, in light of the potential statute of limitations issue, he might file a motion to withdraw in lieu of the pending medical records and status report. Id.

Petitioner filed a status report on July 22, 2013, in which Mr. McHugh indicated that, despite having received over 7,000 pages of records from the hospital, there was no record of petitioner's admission to the hospital upon onset of her transverse myelitis. Status Report, dated July 22, 2013, at 1. Nonetheless, Mr. McHugh believed that the onset date and the diagnosis could be established from "other notes," and that the "case has merit." Id. at 1-2.

Petitioner was subsequently ordered to file her outstanding medical records by August 20, 2013, and to request from her insurance company copies of the billing records, or of the Explanation of Benefits forms, related to her emergency room visit. Order, dated July 23, 2013.

On August 19, 2013, petitioner filed Exhibit 1, a compact disc containing 2,646 pages of records from CARLE Health Information Management. See Notice of Intent to File, dated August 15, 2013; CM/ECF Entry dated August 19, 2013.

A third status conference was held on September 17, 2013, during which Mr. McHugh requested an opportunity to consult with his client regarding how to proceed "in light of counsel's review of the records that he currently has in his possession." Order, dated September 17, 2013. Petitioner's request was granted, and he was ordered to file a status report by October

---

November 2009." Status Report at 2. Mr. McHugh goes on to conclude that "[t]he limitation period expired on Saturday, November 24, but [that] under the rules the petitioner was timely if filed on the next business day, thus, it was timely." Id.

The undersigned notes that if the date of onset was, in fact, November 23, 2009, the limitations period would have expired at midnight on Friday, November 23, 2009, not on Saturday, November 24, 2009. 42 U.S.C. § 300aa-16(a)(2) ("no petition may be filed for compensation under the Program for [a vaccine-related] injury after the expiration of 36 months after the date of the occurrence of the first symptom of manifestation of onset or of the significant aggravation of such injury").

Mr. McHugh also appears to have claimed that the petition was delivered to the clerk's office on November 20, 2012, but counsel has filed no documentation in support of this assertion.

17, 2013, regarding how petitioner would like to proceed with the case. Id. Petitioner did not file either a status report or a motion for extension of time by October 17, 2013.

On November 4, 2013, petitioner was again ordered to file a status report regarding how she would like to proceed, and her deadline was extended to November 12, 2013. Order, dated November 4, 2013. Petitioner was again warned that "failure to meet this deadline will result in a Show Cause Order being issued and a possible dismissal of the case for failure to prosecute." Id. Petitioner was again directed to file a motion for extension of time pursuant to Vaccine Rule 19(b) in the event that she was unable to file a status report by the court-imposed deadline. Id. Petitioner filed neither a status report nor a motion for extension of time by the November 12, 2013 deadline.

Thereafter, the undersigned issued a Show Cause Order directing petitioner to explain why this case should not be dismissed for failure to prosecute. Show Cause Order, dated December 6, 2013. Instead of responding to the show cause order, Mr. McHugh filed a motion to withdraw, asserting that he had been unable to locate any record of the date of injury onset, and that his client had been unresponsive to his request for further instruction. Motion, dated December 6, 2013, at 1. In light of his client's lack of cooperation, Mr. McHugh requested permission to withdraw. Id.

A fourth status conference was set after Mr. McHugh's motion to withdraw had been filed, but it was ultimately cancelled at Mr. McHugh's request. See Order, dated February 26, 2013. Mr. McHugh had determined that the status conference was unnecessary in light of his intention to file a motion to dismiss. Id. Accordingly, petitioner was ordered to file a motion to dismiss by March 28, 2014. Id. As of today's date, petitioner has filed neither a motion to dismiss nor any other pleading.

II. **Analysis**

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Human Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Human Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990)(affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests). Petitioner's numerous failures to file timely responses to orders, her failure to file any response to the Order to Show Cause, and her failure to respond to communications from her attorney, all evidence disinterest in pursuing her claim. Thus, the undersigned finds it appropriate to dismiss this case for failure to prosecute.

Additionally, to receive compensation under the Act, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that the Ms. Catron suffered a "Table Injury." Moreover,

4

although petitioner filed numerous medical records, she has not filed any expert witness reports, and no hearing has been held.  Thus, the undersigned finds that the record does not contain preponderant evidence demonstrating that the Ms. Catron's alleged vaccine injuries were vaccine-caused.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Special Master